IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER MANAGEMENT SOLUTIONS LLC, | : |
| Plaintiff, | : |
| | : C.A. No. |
| v. | : |
| | : |
| QUALCOMM INCORPORATED, | : |
| | : JURY TRIAL DEMANDED |
| Defendant. | : |

## COMPLAINT

Plaintiff Power Management Solutions LLC ("Power Management") files this its Complaint against Defendant Qualcomm Incorporated ("Qualcomm"), showing this Court as follows.

### Nature of the Action

1. This is an action for patent infringement, arising out of Defendant's infringement of U.S. Pat. No. 5,504,909, issued on April 2, 1996, and entitled *"Power Management Apparatus Collocated On The Same Integrated Circuit As The Functional Unit That It Manages"* (the "'909 Patent"). A true and correct copy of the '909 Patent is attached hereto as Exhibit A.

### The Parties

2. Plaintiff is a limited liability company, organized and existing under the laws of the state of Delaware, with its principal place of business in Frisco, Texas.

3. Upon information and belief, Defendant Qualcomm is a corporation organized and existing under the laws of the state of Delaware. Qualcomm's registered agent for service of process is The Prentice-Hall Corporation System, Inc., 2711 Centerville Road Suite 400, Wilmington, DE 19808.

7823302 v1

### Jurisdiction and Venue

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and/or 1338.

5. This Court has personal jurisdiction over Defendant by virtue of its being incorporated in Delaware.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and/or 1400.

### Operative Facts

### The Patents-In-Suit

7. Power Management is the owner by assignment of all right, title, and interest in the '909 Patent.

8. The '909 Patent describes a novel power management system for integrated circuits.

9. Claim 1 of the '909 Patent provides:

1. A power management apparatus for regulating the use of electrical energy in an internal functional circuit, the power management apparatus comprising:

an integrated circuit substrate;

whereon 1) the internal functional circuit, 2) a power gating means, and 3) a switching means are constructed, wherein electrical power is controllably passed from an external power supply through the power gating means to the internal functional circuit, wherein one or more first electrical signals are controllably passed between an external functional circuit and the internal functional circuit via the switching means, and wherein a second externally generated electrical signal controls the coupling action in the power gating means via a first control input of the power gating means and further controls the coupling action in the switching means via a second control input of the switching means, wherein

the integrated circuit substrate providing a means for constructing and interconnecting electrical circuits, the internal functional circuit for performing an electrical function, the internal functional circuit for performing an electrical function, the power gating means for coupling power between said external power supply and the internal functional circuit in response to the assertion of said second externally generated electrical signal, and for uncoupling power between said external power supply and

7823302 v1

the internal functional circuit in response to the deassertion of said second externally generated electrical signal,

the switching means

for coupling said first electrical signals passed between the external functional circuit and the internal functional circuit in response to the assertion of said second externally generated electrical signal, and

for uncoupling said first electrical signals passed between the external functional circuit and the internal functional circuit in response to the deassertion of said second externally generated electrical signal,

the improvement allowing the management of power to be distributed and decentralized onto the individual integrated circuit substrate where the application of power is to be managed, and allowing submicrosecond recovery of internal functional circuit function upon the assertion of the second externally generated electrical signal.

'909 Patent, Col. 19, l. 22-Col. 20, l. 22.

## The Infringing Products

### Defendant Qualcomm's Products

10. Defendant Qualcomm, within the United States, manufactures, uses, offers for sale, or sells integrated circuits, including, but not limited to, the Snapdragon series (collectively, the "Qualcomm Products"). The Qualcomm Products, among other things, are integrated circuits comprised of, among other things, one or more power management apparatus that couple and decouple internal and external electrical functional circuits.

11. The Qualcomm Products practice each limitation of at least Claim 1 of the '909 Patent.

12. Defendant Qualcomm does not have a license or other authorization to practice the claims set forth in '909 Patent.

13. All conditions precedent to the assertion of the claims set forth in this Complaint have been satisfied or waived.

## Count One
## Infringement of the '909 Patent

14. Power Management incorporates by reference as if fully set forth herein the averments contained within Paragraphs 1-13, above.

15. By reason of the foregoing, Defendant Qualcomm has infringed at least claim 1 of the '909 Patent.

16. Power Management has suffered damages as the direct and proximate result of Defendant Qualcomm's infringement of the '909 Patent.

WHEREFORE, Power Management prays that this Court:

(1) Enter judgment in favor of Power Management and against Defendant Qualcomm for infringement, including willful infringement as appropriate, of the '909 Patent, as set forth above;

(2) Award damages to Power Management in an amount to be proven at trial for Defendant Qualcomm's infringement, pursuant to 35 U.S.C. § 284;

(3) Declare this to be an exceptional case pursuant to 35 U.S.C. § 285, as appropriate, and award Power Management its attorney's fees in this action.

(4) Award the costs of this action to Power Management.

(5) Try this case before a jury; and

(6) Allow Power Management to have such other and further relief as the Court deems just and proper, premises considered.

7823302 v1

                              PROCTOR HEYMAN, LLP

                              */s/ Neal C. Belgam*
                              Neal C. Belgam (# 2721)
                              nbelgam@proctorheyman.com
                              Melissa N. Donimirski (# 4701)
                              mdonimirski@proctorheyman.com
                              300 Delaware Avenue, Suite 200
                              Wilmington, DE 19801
                              (302) 472-7300

                              Attorneys for Plaintiff Power Management Solutions LLC

OF COUNSEL:

MORRIS, MANNING & MARTIN, LLP
Bryan G. Harrison (#331750)
bgh@mmmlaw.com
W. Andrew McNeil (#49836)
wmcneil@mmmlaw.com
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, Georgia 30326-1044
(404) 233-7000


Dated:   January 23, 2013

7823302 v1